NOT FOR PUBLICATION (Docket Entry No. 8, 11)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
THOMAS IMPARATO,                    :
                                    :
            Plaintiff,              :   Civil No. 07-6044 (RBK)
                                    :
      v.                            :   **OPINION**
                                    :
PATHMARK STORES, INC., et al        :
                                    :
            Defendants.             :
_____:

**KUGLER**, UNITED STATES DISTRICT JUDGE:

    This case, having been removed from the Superior Court of New Jersey by Defendants Pathmark Stores, Inc., et al ("Defendants"), comes before the Court on the motion of Plaintiff Thomas Imparato ("Plaintiff") to remand. Because this Court finds that it does not have jurisdiction, the case will be remanded to the Superior Court.

**I.    BACKGROUND**

    Plaintiff Thomas Imparato formerly was employed by Defendant Pathmark Stores, Inc., a supermarket chain. Plaintiff alleges that as a result of injuries incurred in a fall he sustained while at work on June 20, 2006, he filed a claim for and received worker's compensation benefits. Based on Plaintiff's subsequent termination by Defendants, and pursuant to a collective bargaining agreement between Pathmark Stores, Inc. and Plaintiff's union, Plaintiff filed a grievance concerning the termination of his employment. According to the terms of the

1

collective bargaining agreement, arbitration proceedings followed, during which Plaintiff alleged that he was wrongfully terminated without just cause. On October 22, 2007, prior to the completion of the arbitration proceedings, Plaintiff also filed a Complaint against Defendants in Superior Court in Atlantic County, New Jersey. The original Complaint included five counts, alleging violations of state law including wrongful termination in retaliation for filing a claim for worker's compensation benefits, invasion of privacy, trespass, defamation, and infliction of emotional distress.

On December 17, 2007, Defendants removed the state court case to this Court. On January 2, 2008, Plaintiff filed a First Amended Complaint alleging a sixth count claiming interference with economic advantage. Also on January 2, 2008, Plaintiff filed the present motion to remand, arguing that this Court does not have original jurisdiction and that Defendants' Notice of Removal was not properly filed.

## II.   DISCUSSION

### A.   Standard for Removal

Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1995). Where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. See Abels, 770 F.2d at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in

federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."); Glenmede Trust Co. v. Dow Chemical Co., 384 F. Supp. 423, 433-34 (E.D. Pa. 1974) ("It is well settled that district courts should remand close or doubtful cases for two reasons. First, remand will avoid the possibility of a later determination that the district court lacked jurisdiction and, secondly, remand is normally to a state court which clearly has jurisdiction to decide the case.").

Section 301 of the Labor Management Relations Act ("LMRA") provides that federal district courts have original jurisdiction over suits for violations of contracts, including collective bargaining agreements, between employers and labor organizations. 29 U.S.C. § 185 (2006). The Supreme Court has interpreted this statute to require that doctrines of federal labor law uniformly prevail over state law in disputes regarding the terms of collective bargaining agreements. Teamsters v. Lucas Flour Co., 369 U.S. 95, 104 (1962). However, the Supreme Court has made it equally clear that not every state law claim tangentially related to a collective bargaining agreement is preempted by section 301 of the LMRA. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985). Section 301 of the LMRA only preempts state law if the application of state law would require the interpretation of a collective bargaining agreement. Lingle v. Norge Div. of Magic Chef Inc., 486 U.S. 399 (1988).

In this case, Defendants argue that this Court has original jurisdiction over Plaintiff's state law claim of wrongful termination in retaliation for filing a claim for worker's compensation benefits because the state law claim is allegedly preempted by section 301 of the LMRA. Defendant further argues that this Court has supplemental jurisdiction over Plaintiff's additional state law claims, allegedly related to and intertwined with the preempted state law

3

claim. Plaintiff argues that this Court does not have original jurisdiction over any of his claims because none of his state law claims against Defendants should be preempted by section 301 of the LMRA. Because of the dispute as to this Court's jurisdiction, the Court must determine if Plaintiff's state law claim for wrongful termination in retaliation for filing a claim for worker's compensation benefits is preempted by section 301 of the LMRA, such that this Court has original jurisdiction over the claim.

**B.     Analysis**

Defendants argue that Plaintiff's claim of wrongful termination in retaliation for filing a claim for worker's compensation benefits in violation of N.J.S. 34:15-39.1 is preempted by section 301 of the LMRA because resolution of these claims requires the interpretation of the collective bargaining agreement.

A factual inquiry, not an analysis of the collective bargaining agreement, is required to adjudge Plaintiff's prima facie case for wrongful termination in retaliation for filing a claim for worker's compensation benefits. In Lingle v. Norge Div. of Magic Chef Inc., the Supreme Court held that an Illinois state law tort claim of retaliatory discharge for filling a workers' compensation claim was not preempted by section 301 of the LMRA because the factual inquiry required to resolve the state law claim did not require construing the collective bargaining agreement. Id. at 407. The Court found that the prima facie case for retaliatory discharge in Illinois included, "purely factual questions pertain[ing] to the conduct of the employee and the conduct and motivation of the employer." Id. The Court further found that neither the elements of the state law tort, nor the defense available to the employer, required the interpretation of the collective bargaining agreement in place between the parties. Id. In New Jersey, in order to

establish a prima facie case for wrongful termination in retaliation for filing a claim for workers' compensation benefits, a plaintiff must prove (1) that he made or attempted to make a claim for workers' compensation benefits; and (2) that he was discharged in retaliation for making that claim. Kube v. New Penn Motor Express, Inc., 865 F. Supp. 221, 230 (D.N.J. 1994) (quoting Cerracchio v. Alden Leeds, Inc., 538 A.2d 1292 (1988)). To refute a claim of wrongful termination in retaliation for filing a claim for workers' compensation benefits, the employer must demonstrate that the discharge was for another, non-pretextual reason. Id. As in Lingle, the analysis required to adjudge the prima facie case and the available defense in New Jersey is a factual inquiry that does not require analysis of the collective bargaining agreement between the parties. As a result, Plaintiff's claim is not preempted by section 301 of the LMRA.

Defendants argue that the collective bargaining agreement in this case governs all claims Plaintiff may bring against Defendants because Plaintiff's employment, termination, and workers' compensation claims are governed by the terms of the agreement. The state law tort of wrongful termination in retaliation for filing a claim for workers' compensation benefits, however, does not require an analysis of the terms of employment but rather the motivations behind Defendants' decision to terminate Plaintiff's employment. To be sure, "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted and federal labor-law principles . . . must be employed to resolve the dispute." Lingle, 486 U.S. at 405-06. However, by the terms of the tort, codified as N.J.S. 34:15-39.1, no analysis of the collective bargaining agreement is necessary.

Plaintiff's state law claims are not preempted by section 301 of the LMRA, so this Court does not have original jurisdiction, and Defendants' removal does not comport with the

requirements of the removal statute, 28 U.S.C. § 1441(b).  As this Court does not have original jurisdiction over Plaintiff's state law claim for wrongful termination in retaliation for filing a claim for worker's compensation benefits, this Court cannot have supplemental jurisdiction over Plaintiff's remaining state law claims.

Because this Court does not have original jurisdiction, it is unnecessary to discuss Plaintiff's allegation that Defendants' Notice of Removal was improperly filed.

**III.   CONCLUSION**

Because this Court does not have original jurisdiction, as required by 28 U.S.C. § 1441(b), this case will be remanded to the Superior Court of Atlantic County.  An accompanying Order shall issue today.


Dated:    8/29/08                              /s/ Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge